

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00198-CR
_____

THE STATE OF TEXAS, APPELLANT

V.

VICENTE ALONSO-CARBAJAL, APPELLEE

On Appeal from the 368th District Court
Williamson County, Texas
Trial Court No. 18-2077-K368, Honorable Rick Kennon, Presiding

October 13, 2022

## MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, J.J.

The State appealed from an order quashing part of the indictment accusing Vicente Alonso-Carbajal (Carbajal) of money laundering. Through one issue, it asserts that the trial court erred. We reverse.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Third Court of Appeals. TEX. GOV'T CODE ANN. § 73.001. Therefore, we will decide this case "in accordance with the precedent of the transferor court" if our decision otherwise would have been inconsistent with the precedent of the transferor court. TEX. R. APP. P. 41.3.

### Background

The State indicted Carbajal under section 34.02 of the Texas Penal Code. Through the indictment, it accused him of "knowingly acquir[ing] or maintain[ing] an interest in or conceal[ing] or possess[ing] or transport[ing] the proceeds of criminal activity." The averred "criminal activity" consisted of (1) "proceeds of narcotics trafficking or delivery of a controlled substance"; (2) "proceeds obtained or acquired or possessed in violation of 31 United States Code §5324(a)(I), by defendant causing or attempting to cause a domestic financial institution to fail to file a report required by 31 United States Code §5313(a)"; or (3) "proceeds obtained or acquired or possessed in violation of 31 United States Code §5324(c)(1) pertaining to the exporting of monetary instruments more than $10,000.00, by defendant failing to file a report or by causing or attempting to cause a person to fail to file a report under 31 United States Code §5316."

Carbajal moved to quash the entire instrument. Supposedly, the allegations in paragraph one were defective because they failed to provide him sufficient information to prepare a proper defense. Paragraphs two and three were defective because the State sought to try him for violating a federal statute; such crimes fell outside the jurisdiction of a Texas district court, he posited. The trial court rejected his contention regarding the first paragraph but apparently accepted those pertaining to paragraphs two and three. Thus, it granted the motion to quash, in part. That resulted in the current appeal.

### Standard of Review, Applicable Law, and Application

First, the sufficiency of an indictment is a question of law reviewed de novo. *Hughitt v. State*, 583 S.W.3d 623, 626 (Tex. Crim. App. 2019). Second, under section 34.01 of the Penal Code, one commits the offense of money laundering if he knowingly acquires or maintains an interest in, conceals, possesses, transfers, or transports the

2

proceeds of "criminal activity."  TEX. PENAL CODE ANN. § 34.02(a)(1).  Third, the legislature defined "criminal activity" as any offense "classified as a felony under the laws of this state *or the United States*" or "punishable by confinement for more than one year under the law of another state."  *Id*. at § 34.01(1) (emphasis added).  Fourth, an indictment alleging an offense under section 34.02 must specify the relevant "criminal activity."  *Deschenes v. State*, 253 S.W.3d 374, 378 (Tex. App.—Amarillo 2008, pet. ref'd).  So, fifth, that "criminal activity" must be revealed and may be a felony under either federal or state law or an act made criminal by some other state which carries a prison sentence exceeding one year.

In comparing the indictment at bar to the requisites of section 34.02, we construe reference to the provisions of the United States Code in paragraphs two and three as the predicate "criminal activity" mandated by the statute.  And, that very same statute permits the requisite criminal activity to be conduct violating federal law.  The State so argued.  In turn, Carbajal failed to address the definition of "criminal activity" and explain how federal crimes fell outside its scope.

Simply put, our Texas legislature said a federal crime may be a component of a state prosecution for money laundering.  It is not our role to ignore the statutory words permitting that.  Thus, we sustain the State's issue, reverse the trial court's order quashing paragraphs two and three of the indictment, and remand the cause to the trial court.


Brian Quinn
Chief Justice


Do not publish.


3